IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP STEWART                                                                                    PLAINTIFF

v.                                         Civil No. 6:20-CV-06045

LIEUTENANT FREDDIE OTTS and                                                         DEFENDANTS
CORPORAL HARPER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiff's Motions for *in forma pauperis* status (ECF Nos. 2, 5, 6) and his Complaint (ECF No. 1).

**A. IFP Application**

Plaintiff is currently incarcerated in the Arkansas Department of Correction – North Central Unit and is not eligible to proceed *in forma pauperis*. The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes rule," which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit in this District, Plaintiff has had more than three cases and appeals dismissed for failing to state a claim upon which relief may be granted.[1]  The three-strikes rule, therefore, applies to Plaintiff.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. §1915(g) (providing that three-strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury").  The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  As discussed more fully below, Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit.

Accordingly, it is recommended that Plaintiff's Motions to Proceed IFP (ECF Nos. 2, 5, 6) be DENIED.

**B. Complaint Screening**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

---

[1] *See, e.g., Stewart v. Hobbs*, Case No. 6:15-cv-06023 (W.D. Ark. Jan. 26, 2016); *Stewart v. Starkey*, Case No. 6:15-cv-06078 (W.D. Ark. Mar. 22, 2016); and, *Stewart v. Gulley*, Case No. 15-cv-06084 (W.D. Ark. Mar. 30, 2016).  In *Stewart v. Otts*, Case No. 6:14-cv-6143 (W.D. Ark. Sept. 26, 2016), Plaintiff's IFP status was revoked.

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff filed his Complaint on April 30, 2020. (ECF No. 1). He alleges that, while incarcerated in the Arkansas Department of Correction – Ouachita River Unit, Defendants failed to protect him from being attacked by another inmate on August 24, 2014. (*Id*. at 5). He further alleges he previously filed a case with the same facts in in this District in *Stewart v. Otts*, Case No. 6:14-cv-06143 (W.D. Ark. Sept. 26, 2016). (*Id*. at 3-4).

Review of this prior case indicates Plaintiff alleged Defendant Otts failed to protect him on August 24, 2014, in addition to other claims regarding a disciplinary charge. Corporal Harper was not named as a Defendant. Plaintiff's IFP status was revoked in that case for both his achievement of three-strike status and his abuse of IFP privilege. (Case No. 6:14-cv-06143, ECF No. 41). Plaintiff's case was dismissed with prejudice on September 26, 2016 (Case No. 6:14-cv-06143, ECF Nos. 41, 42), and his Motion for Reconsideration denied (Case No. 6:14-cv-06143, ECF No. 43). Plaintiff's appeal to the Eighth Circuit was dismissed for failure to pay the filing fee, and his Petition for Writ of Certiorari to the United States Supreme Court was denied. (Case No. 6:14-cv-06143, ECF Nos. 54, 56).

Plaintiff's claim against Defendant Otts is, therefore, barred by the doctrine of *res judicata*. It is well-settled that a court may dismiss a case *sua sponte* based upon the doctrine of *res judicata*:

> if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised.

3

> This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) *supplemented*, 531 U.S. 1 (2000) (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted); *see also Hanig v. City of Winner, S.D.*, 527 F.3d 674, 676 (8th Cir. 2008) ("When the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue 'actually litigated or which could have been properly raised and determined in a prior action.'").

Plaintiff's claim against both Defendant Otts and Defendant Harper is time-barred. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). As Plaintiff alleges the failure to protect incident occurred on August 24, 2014, his time to file lapsed on August 25, 2017.

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). It is recommended that the clerk be DIRECTED to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of May 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE