IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP STEWART                                                                      PLAINTIFF

v.                                             Case No. 6:20-cv-6045

LIEUTENANT FREDDIE OTTS
and CORPORAL HARPER                                                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed May 18, 2020, by the Honorable

Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.  (ECF No. 7).

Judge Ford reviewed Plaintiff's motions for leave to proceed *in forma pauperis* ("IFP") and

screened Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b).

Judge Ford recommends that Plaintiff's motions to proceed IFP (ECF Nos. 2, 5, 6) be denied

because Plaintiff has accumulated more than three § 1915(g) strikes and has not alleged any

imminent danger to be excepted from the three strikes rule.  Judge Ford further recommends that

this case be dismissed with prejudice because Plaintiff's claims against Defendants are time-barred

and also barred by the doctrine of *res judicata*.[1]  Finally, Judge Ford recommends that the Clerk

of Court be directed to place a § 1915(g) strike flag on the case.

Plaintiff has filed objections to the Report and Recommendation.[2]  (ECF No. 8).  However,

Plaintiff makes no objection to Judge Ford's findings that his claims are time-barred and barred

by the doctrine of *res judicata*.  Rather, Plaintiff's objections only address Judge Ford's

---

[1] Plaintiff alleges that Defendants failed to protect him on August 24, 2014.  He previously filed suit concerning these allegations, and that action was dismissed with prejudice.  *See Stewart v. Otts*, Case No. 6:14-cv-06143 SOH (W.D. Ark. Sept. 26, 2016).

[2] Plaintiff filed a one-page, handwritten document, the first line of which states: "I am appealing, this court decision to not accept this claim."  The Court construes this document as objecting to Judge Ford's Report and Recommendation.

recommendation that he be denied leave to proceed IFP.

Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). A "clearly erroneous" standard of review applies to portions of a Report and Recommendation that were not objected to. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). The Court need not conduct a *de novo* review of whether Plaintiff should be allowed to proceed IFP because, as discussed above, Judge Ford recommends dismissing this action as untimely and as being barred by *res judicata*, and Plaintiff has not objected to those recommendations. Upon consideration, the Court finds no clear error warranting a departure from Judge Ford's recommendations. Therefore, the Court adopts the Report and Recommendation (ECF No. 7) to the extent it recommends dismissing this action as time-barred and barred by the doctrine of *res judicata*. Accordingly, Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is hereby **DIRECTED** to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED**, this 11th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge