IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP STEWART                                                                                          PLAINTIFF

v.                                            Civil No. 6:20-CV-06045

LIEUTENANT FREDDIE OTTS and                                                            DEFENDANTS
CORPORAL HARPER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Appeal *in forma pauperis* ("IFP"). (ECF No. 11).

### I.     BACKGROUND

Plaintiff filed his Complaint April 30, 2020. (ECF No. 1). He alleges that, while incarcerated in the Arkansas Department of Correction – Ouachita River Unit, Defendants failed to protect him from being attacked by another inmate on August 24, 2014. (*Id*. at 5). Prior to filing this lawsuit, Plaintiff has had more than three cases and appeals dismissed for failing to state a claim upon which relief may be granted.[1] Pursuant to 28 U.S.C. § 1915, the three strikes rule applies to Plaintiff.

On May 18, 2020, the undersigned entered a Report and Recommendation addressing Plaintiff's Motions to Proceed IFP and preservice screening as required under the provisions of

---

[1] *See, e.g., Stewart v. Hobbs*, Case No. 6:15-cv-06023 (W.D. Ark. Jan. 26, 2016); *Stewart v. Starkey*, Case No. 6:15-cv-06078 (W.D. Ark. Mar. 22, 2016); and, *Stewart v. Gulley*, Case No. 15-cv-06084 (W.D. Ark. Mar. 30, 2016). In *Stewart v. Otts*, Case No. 6:14-cv-6143 (W.D. Ark. Sept. 26, 2016), Plaintiff's IFP status was revoked.

1

the Prison Litigation Reform Act ("PLRA"). Because Plaintiff had not alleged that he was in any danger, much less imminent danger, at the time he filed this suit, it was recommended that Plaintiff's IFP motions be denied. (ECF No. 7 at 2).

It was further recommended that Plaintiff's Complaint be dismissed on preservice screening because Plaintiff had raised the identical claims against Defendant Otts in *Stewart v. Otts*, Case No. 6:14-cv-06143 (W.D. Ark. Sept. 26, 2016), which was dismissed with prejudice on September 26, 2016. Plaintiff's Motion for Reconsideration was denied. (Case No. 6:14-cv-06143, ECF No. 43). Plaintiff's appeal to the Eighth Circuit was dismissed for failure to pay the filing fee, and his Petition for Writ of Certiorari to the United States Supreme Court was denied. (Case No. 6:14-cv-06143, ECF Nos. 54, 56). It was, therefore, recommended that his claims against Defendant Otts be dismissed as they were barred by the doctrine of *res judicata*. (ECF No. 7 at 3-4).

Finally, because the failure to protect incident occurred on August 24, 2014, and his time to file lapsed on August 25, 2017, it was recommended that his claims against both Defendants be dismissed as time-barred. (ECF No. 7 at 4).

On June 11, 2020, the Report and Recommendation was adopted "to the extent it recommends dismissing this action as time-barred and barred by the doctrine of *res judicata*,"[2] and Plaintiff's Complaint was dismissed with prejudice. (ECF No. 9 at 2). A § 1915(g) strike flag was placed on the case. (*Id.*).

Plaintiff filed his Motion for Leave to Appeal IFP on July 6, 2020. (ECF No. 11).

---

[2] Plaintiff filed objections to the Report and Recommendation challenging only the recommendation that he be denied the privilege to proceed IFP. Chief Judge Hickey stated that "[t]he Court need not conduct a *de novo* review of whether Plaintiff should be allowed to proceed IFP because, as discussed above, Judge Ford recommends dismissing this action as untimely and as being barred by *res judicata*, and Plaintiff has not objected to those recommendations." (ECF No. 9 at 2).

## II. LEGAL STANDARD

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id.* at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

### III. ANALYSIS

As Plaintiff's claims are time-barred as to both Defendants, and barred by the doctrine of res judicata as to Defendant Otts, his appeal is frivolous and, therefore, not taken in good faith. *See Newton v. Nixon*, 110 F. App'x 734 (8th Cir. 2004) (appeal was legally frivolous because "it depended on the habeas court's having wrongly determined his petition was time-barred."); *Pointer v. Parents for Fair Share*, 87 F. App'x 12 (8th Cir. 2004) (affirming district court's decision that an appeal of a case barred by *res judicata* is not taken in good faith).

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 11) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE